UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL THOMAS, Individually and on behalf of all other persons similarly situated, | ECF CASE |
| Plaintiff, | No.:_____ |
| v. | CLASS ACTION COMPLAINT |
| AMAZON.COM, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1.      Plaintiff Michael Thomas applied for employment with Defendant Amazon.com, Inc. ("Amazon") as a Sortation Associate to work at its Staten Island, New York warehouse, but was denied employment due to a pre-employment screen drug test.

2.      Plaintiff Thomas asserts against Amazon, on his behalf and other similarly situated individuals, a claim under the New York City Human Rights Law for Amazon requiring a pre-employment drug test for marijuana as part of its hiring process.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(d)(2) and under the Class Action Fairness Act, 28 U.S.C. §§ 1771 *et seq.*, as Amazon's total liability exceeds $5,000,000, exclusive of interests and costs, more than 100 putative class members exist and diversity jurisdiction exists between Plaintiff Thomas and Amazon.

4.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this claim occurred in this District.

5.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.      Plaintiff Thomas was, at all relevant times, an adult individual, residing in New York, New York.

7.      Amazon is a corporation that is organized and existing under the laws of the State of Delaware, which is licensed to do business in the State of New York and has its corporate headquarters in the State of Washington.

8.      As its principle place of business is in the State of Washington, Amazon is a resident of the State of Washington.

9.      Amazon, either directly or indirectly, has agreed, accepted, adopted, and/or is otherwise bound by the actions and omissions of its owners, officers, managers, supervisors, employees, contractors, and agents acting and working within the scope of their authority.

## STATEMENT OF FACTS

10.     On November 10, 2020, Plaintiff Thomas applied for a Sortation Associate ("Sortation Associate") position with Amazon at its Staten Island Warehouse through an online portal.

11.     According to the job description provided by Amazon, as a Sortation Associate, Plaintiff Thomas would be required to move packages to the assigned scan location, inspect packages for defects and damages, and keep the warehouse clean and organized.

12.    The job description further states that Plaintiff Thomas should be able to lift up to 50 pounds, stand and walk up to 6 hours, repetitively lift 10 to 20 pounds, and use a scanner, among other miscellaneous duties.

13.    The job description does not state that it is a mandatory requirement for the Sortation Associate to operate machinery or heavy equipment.

14.    On November 20, 2020, Plaintiff Thomas participated in an interview with an Amazon representative for the Sortation Associate position.

15.    During this interview, Plaintiff Thomas was informed of the job duties and responsibilities associated with the position. He was told that he would be responsible for packaging, sorting, scanning and placing items on the conveyor belt.

16.    Plaintiff Thomas was not informed of any requirement to operate machinery or heavy equipment of any kind for the Sortation Associate position.

17.    Amazon has a uniform policy of requiring a pre-employment drug test for marijuana.

18.    Immediately following this interview, Plaintiff Thomas was brought to a separate room where a drug test was performed via a mouth swab.

19.    The drug test was taken and processed by a third party at the direction of Amazon.

20.    Later that same day, Plaintiff Thomas received a contingent job offer for the Sortation Associate position. The offer stated that it was contingent upon passing a drug test, among other requirements. This communication made clear that the pre-employment drug screening was a condition of employment with Amazon.

21.     The email stated that the pay rate for the position was $17.25 per hour and that Plaintiff Thomas would be required to attend a new hire orientation on November 29, 2020.

22.     On November 22, 2020, Plaintiff Thomas received an email from Amazon stating that he should follow-up with Amazon's third-party drug screening partners regarding his results.

23.     Plaintiff Thomas did not receive any further communications from Amazon regarding his employment status for the Sortation Associate position.

24.     On December 27, 2020, Plaintiff Thomas called Amazon to check the status of his application and pending employment, and learned he tested positive for marijuana and Amazon would, therefore, not be moving forward with hiring him.

25.     Amazon did not hire Plaintiff Thomas because he tested positive for marijuana as part of the company's pre-employment drug testing policy.

Widespread Violations

26.     A significant portion of the general public now uses some form of recreational marijuana.

27.     Amazon has experienced unprecedented growth in the past year, achieving a record number of hires.

28.     In 2020, Amazon announced it would be hiring at least 2,500 new employees to work at its New York City facilities, with the majority working in the fulfillment center on Staten Island, New York.

29.     A heavy turnover rate exists with the Sortation Associates and other Amazon employees: many voluntarily terminate their employment with Amazon or the

company terminates their employment. As such, Amazon is frequently accepting job applications from prospective employees.

30.     With substantial growth and turnover, the high number of employees working at its New York City facilities, the prevalence of marijuana usage and Amazon's uniform policy to screen prospective employee for marijuana use, upon information and belief, Amazon has refused to hire more than 100 individuals because they tested positive for marijuana in a pre-employment drug screen.

New York City's Ban on Pre-Employment Drug Testing For Marijuana

31.     The New York City Human Rights Law was amended in May 10, 2020 to prohibit employers from requiring job applicants to submit to pre-employment drug testing for marijuana, unless the position met certain criteria to be exempt from this ban ("Non-Exempt Positions").

CLASS ALLEGATIONS

32.     Plaintiff Thomas asserts these allegations on his own and on behalf of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

33.     Plaintiff Thomas brings his NYCHRL claim on behalf of all persons who, from May 10, 2020 to the entry of judgment in this case, have applied for Non-Exempt Positions with Amazon in the City of New York, were required to submit to pre-employment drug test for marijuana, tested positive for marijuana, and were denied employment because of the drug test results (the "Class Members").

34.     The Class Members identified above are so numerous that joinder of all of them is impracticable.  Although the precise number of such persons is unknown and the

facts upon which calculating that number are within Amazon's sole control, upon information and belief, at least 100 Class Members exist.

35.     Plaintiff Thomas' claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of discrimination litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

36.     Amazon has acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief.

37.     Plaintiff Thomas is committed to pursuing this action and has retained competent counsel experienced in discrimination law and class action litigation.

38.     Plaintiff Thomas has the same interest in this matter as all other Class Members and his claims are typical of theirs.

39.     Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

a.     whether Amazon received employment applications from Plaintiff Thomas and the Class Members;

b.     whether Plaintiff Thomas and the Class Members were required to submit to a pre-employment drug screening;

c.     whether Plaintiff Thomas the Class Members are non-exempt prospective employees within the meaning of the NYCHRL, for purposes of whether they are covered by the ban on pre-employment drug testing for marijuana;

d.     whether Amazon violated the NYCHRL by requiring Plaintiff Thomas the Class Members to submit to a pre-employment drug screening for marijuana;

e.     whether Amazon is liable for all claimed damages, including back pay, punitive damages and attorneys' fees and expenses; and

f.     whether Amazon should be enjoined from such violations of the NYCHRL in the future.

<u>FIRST CAUSE OF ACTION</u>
VIOLATION OF THE PRE-EMPLOYMENT DRUG TESTING POLICY
UNDER NEW YORK CITY HUMAN RIGHTS LAW

40.     Plaintiff Thomas repeats every allegation of the preceding paragraphs as if fully set forth herein.

41.     Plaintiff Thomas and the Class Members are "prospective employees" and "persons" within the meaning of the NYCHRL and Amazon is an "employer."

42.     The NYCHRL makes it an "unlawful discriminatory practice for an employer…to require a prospective employee to submit to testing for the presence of any tetrahydrocannabinols or marijuana in such prospective employee's system as a condition of employment." N.Y.C. Admin. Code § 8-107(31).

43.     Plaintiff Thomas and the Class Members were required to submit to pre-employment drug testing for marijuana as a condition of their employment with Amazon, violating N.Y.C. Admin. Code § 8-107(31).

44.     No legitimate, non-discriminatory reasons exist for requiring a pre-employment drug test for marijuana as a condition of employment for Non-Exempt Positions.

45.     As a result of Amazon's discriminatory policies, Plaintiff Thomas and the Class Members continue to suffer loss of wages.

46.     For violating N.Y.C. Admin. Code § 8-107(31), Amazon is liable to Plaintiff Thomas and the Class Members for damages, including back pay, punitive damages, interest and attorneys' fees and expenses. N.Y.C. Admin. Code § 8-502.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Thomas, on his behalf and on behalf of the Class Members, respectfully requests this Court grant the following relief:

a.     Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff Thomas and his counsel to represent the Class Members;

b.     A declaratory judgment that the practices complained of herein are unlawful under the NYCHRL;

c.     An injunction against Amazon and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.     An award of back pay and punitive damages under the NYCHRL;

e.     An award of prejudgment and post-judgment interest;

f.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.     Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Thomas demands a trial by jury on all questions of fact the Complaint raises.

Dated:  New York, New York
        March 12, 2021

LIPSKY LOWE LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky
Christopher H. Lowe
Alfons D'Auria
420 Lexington Avenue, Suite 1830
New York, New York 10017-6705
212.392.4772
doug@lipskylowe.com
chris@lipskylowe.com
alfons@lipskylowe.com
*Attorneys for Plaintiff Thomas*