UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL THOMAS, ROMELO RIVERA, and VERNIECE CARMONA, Individually and on behalf of all other persons similarly situated,<br><br>          Plaintiffs,<br><br>      v.<br><br>AMAZON.COM, INC.,<br><br>          Defendant. | ECF CASE<br><br>No.: 1:21-cv-01325 (BMC)<br><br><u>FIRST AMENDED</u><br><u>CLASS ACTION COMPLAINT</u><br><br>JURY TRIAL DEMANDED |

<u>NATURE OF THE ACTION</u>

1. Plaintiffs Michael Thomas ("Thomas"), Romelo Rivera ("Rivera"), and Verniece Carmona ("Carmona") (collectively, "Named Plaintiffs") applied for employment with Defendant Amazon.com, Inc. as Sortation Associates to work at its Staten Island, New York warehouse, but were denied employment due to a pre-employment screen drug test.

2. Named Plaintiffs assert against Amazon, on their behalf and on behalf of other similarly situated individuals, a claim under the New York City Human Rights Law for Amazon requiring a pre-employment drug test for marijuana as part of its hiring process.

<u>JURISDICTION, VENUE & AMENDING AS A MATTER OF COURSE</u>

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(d)(2) and under the Class Action Fairness Act, 28 U.S.C. §§ 1771 *et seq.*, as Amazon's total liability exceeds $5,000,000, exclusive of interests and costs, more than

100 putative class members exist and diversity jurisdiction exists between Named Plaintiffs and Amazon.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this claim occurred in this District.

5. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

6. On March 30, 2021, Amazon was served with the Complaint, making April 20, 2021 the deadline to file the First Amended Complaint as a matter of course under Fed. R. Civ. P. 15(a)(1)(A).

## THE PARTIES

7. Plaintiff Thomas was, at all relevant times, an adult individual residing in New York, New York.

8. Plaintiff Rivera was, at all relevant times, an adult individual residing in Staten Island, New York.

9. Plaintiff Carmona was, at all relevant times, an adult individual residing in Brooklyn, New York.

10. Amazon is a corporation that is organized and existing under the laws of the State of Delaware, which is licensed to do business in the State of New York and has its corporate headquarters in the State of Washington.

11. As its principle place of business is in the State of Washington, Amazon is a resident of the State of Washington.

12. Amazon, either directly or indirectly, has agreed, accepted, adopted, and/or is otherwise bound by the actions and omissions of its owners, officers, managers,

supervisors, employees, contractors, and agents acting and working within the scope of their authority.

## STATEMENT OF FACTS

Amazon's Sortation Associate Position[1]

13. According to Amazon's job description, Sortation Associates are required to move packages to the assigned scan location, inspect packages for defects and damages, and keep the warehouse clean and organized.

14. The Sortation Associate job description further states that Sortation Associates should be able to lift up to 50 pounds, stand and walk up to 6 hours, repetitively lift 10 to 20 pounds, and use a scanner, among other miscellaneous duties.

15. The Sortation Associate job description does not state that it is a mandatory requirement for the Sortation Associate to operate machinery or heavy equipment.

Amazon's Drug Testing Policy

16. Amazon has a uniform policy of requiring a pre-employment drug test for marijuana.

Plaintiff Thomas

17. On November 10, 2020, Plaintiff Thomas applied for a Sortation Associate position with Amazon at its Staten Island Warehouse through an online portal.

18. On November 20, 2020, Plaintiff Thomas participated in an interview with an Amazon representative for the Sortation Associate position.

---

[1] Headers are for organizational purposes only.

19. During this interview, Plaintiff Thomas was informed of the job duties and responsibilities associated with the position. He was told that he would be responsible for packaging, sorting, scanning and placing items on the conveyor belt.

20. Plaintiff Thomas was not informed of any requirement to operate machinery or heavy equipment of any kind for the Sortation Associate position.

21. Immediately following his interview, Plaintiff Thomas was brought to a separate room where a drug test was performed via a mouth swab.

22. The drug test was taken and processed by a third party at the direction of Amazon.

23. Later that same day, Plaintiff Thomas received a contingent job offer for the Sortation Associate position. The offer stated that it was contingent upon passing a drug test, among other requirements. This communication made clear that the pre-employment drug screening was a condition of employment with Amazon.

24. The email stated that the pay rate for the position was $17.25 per hour and that Plaintiff Thomas would be required to attend a new hire orientation on November 29, 2020.

25. On November 22, 2020, Plaintiff Thomas received an email from Amazon stating that he should follow-up with Amazon's third-party drug screening partners regarding his results.

26. Plaintiff Thomas did not receive any further communications from Amazon regarding his employment status for the Sortation Associate position.

27. On December 27, 2020, Plaintiff Thomas called Amazon to check the status of his application and pending employment, and learned he tested positive for marijuana and Amazon would, therefore, not be moving forward with hiring him.

28. Amazon did not hire Plaintiff Thomas because he tested positive for marijuana as part of the company's pre-employment drug testing policy.

Plaintiff Rivera

29. From October 2020 to January 2021, Plaintiff Rivera worked for Amazon as a Seasonal Sortation Associate.

30. During this period, Plaintiff Rivera did not operate heavy equipment of any kind.

31. In January 2021, upon termination of his seasonal position, Plaintiff Rivera applied for a full-time Sortation Associate position with Amazon at its Staten Island warehouse through an online portal.

32. Plaintiff did not formally interview for the full-time Sortation Associate position, as he was a previous employee of Amazon.

33. On or around February 23, 2021, Plaintiff Rivera was informed that, despite his previous employment with Amazon, he needed to submit to a new drug test. This drug test was performed via a mouth swab.

34. The drug test was taken and processed by a third party at Amazon's direction.

35. On February 25, 2021, Plaintiff Rivera received a contingent job offer for the Sortation Associate position. The offer stated that it was contingent upon passing a

drug test, among other requirements. This communication made clear that the pre-employment drug screening was a condition of employment with Amazon.

36. The email stated that the pay rate for the position was $17.75 per hour and that Plaintiff Rivera's possible start date was March 11, 2021.

37. When Plaintiff Rivera arrived for his first day of work as a full-time Sortation Associate with Amazon, he was told that he must leave work and call Amazon.

38. Upon calling Amazon, Plaintiff Rivera was told that he tested positive for marijuana and Amazon would, therefore, not be moving forward with employment.

39. Amazon did not hire Plaintiff Rivera because he tested positive for marijuana as part of the company's pre-employment drug testing policy.

40. Plaintiff Rivera knows, from speaking with others who are not Named Plaintiffs, that he is not the only victim of this unlawful practice and that Amazon denied employment to other individuals because of the company's mandatory drug screening protocol.

Plaintiff Carmona

41. In or around October 2020, Plaintiff Carmona applied for a Sortation Associate position with Amazon at its Staten Island Warehouse through an online portal.

42. In or around October 2020, Plaintiff Carmona participated in an interview with an Amazon representative for the Sortation Associate position.

43. Plaintiff Carmona was not informed of any requirement to operate machinery or heavy equipment of any kind for the Sortation Associate position during her interview.

44. Immediately following this interview, Plaintiff Carmona was brought to a separate room where a drug test was performed via a mouth swab.

45. The drug test was taken and processed by a third party at the direction of Amazon.

46. Soon after her interview, Plaintiff Carmona received a contingent job offer for the Sortation Associate position. The offer stated that it was contingent upon passing a drug test, among other requirements. This communication made clear that the pre-employment drug screening was a condition of employment with Amazon.

47. Plaintiff Carmona's contingent job offer contained the rate of pay for the position and a possible start date.

48. In or around November 2020, Plaintiff Carmona received a phone call from Amazon informing her that she had failed the pre-employment drug test for marijuana, and asking her if she held a medical marijuana card.

49. When Plaintiff Carmona stated that she did not hold a medical marijuana card, she was informed that Amazon would not be moving forward with her employment.

50. Plaintiff Carmona also received email and letter communications from Amazon confirming that Amazon would not be moving forward with employment after Plaintiff Carmona tested positive for marijuana.

51. Amazon did not hire Plaintiff Rivera because he tested positive for marijuana as part of the company's pre-employment drug testing policy.

<u>Widespread Violations</u>

52. A significant portion of the general public now uses some form of recreational marijuana.

53. Amazon has experienced unprecedented growth in the past year, achieving a record number of hires.

54. In 2020, Amazon announced it would be hiring at least 2,500 new employees to work at its New York City facilities, with the majority working in the fulfillment center on Staten Island, New York.

55. A heavy turnover rate exists with the Sortation Associates and other Amazon employees: many voluntarily terminate their employment with Amazon or the company terminates their employment. As such, Amazon is frequently accepting job applications from prospective employees.

56. With substantial growth and turnover, the high number of employees working at its New York City facilities, the prevalence of marijuana usage and Amazon's uniform policy to screen prospective employee for marijuana use, upon information and belief, Amazon has refused to hire more than 100 individuals because they tested positive for marijuana in a pre-employment drug screen.

New York City's Ban on Pre-Employment Drug Testing For Marijuana

57. The New York City Human Rights Law was amended in May 10, 2020 to prohibit employers from requiring job applicants to submit to pre-employment drug testing for marijuana, unless the position met certain criteria to be exempt from this ban ("Non-Exempt Positions").

## CLASS ALLEGATIONS

58. Named Plaintiffs assert these allegations on their own and on behalf of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

59. Named Plaintiffs bring their NYCHRL claim on behalf of all persons who, from May 10, 2020 to the entry of judgment in this case, have applied for Non-Exempt Positions with Amazon in the City of New York, were required to submit to pre-employment drug test for marijuana, tested positive for marijuana, and were denied employment because of the drug test results (the "Class Members").

60. The Class Members identified above are so numerous that joinder of all of them is impracticable. Although the precise number of such persons is unknown and the facts upon which calculating that number are within Amazon's sole control, upon information and belief, at least 100 Class Members exist.

61. Named Plaintiffs' claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of discrimination litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

62. Amazon has acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief.

63. Named Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in discrimination law and class action litigation.

64. Named Plaintiffs have the same interest in this matter as all other Class Members and their claims are typical of the claims of the Class Members.

65. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

a. whether Amazon received employment applications from Named Plaintiffs and the Class Members;

b. whether Named Plaintiffs and the Class Members were required to submit to a pre-employment drug screening;

c. whether Named Plaintiffs and the Class Members are non-exempt prospective employees within the meaning of the NYCHRL, for purposes of whether they are covered by the ban on pre-employment drug testing for marijuana;

d. whether Amazon violated the NYCHRL by requiring Named Plaintiffs and the Class Members to submit to a pre-employment drug screening for marijuana;

e. whether Amazon is liable for all claimed damages, including back pay, punitive damages and attorneys' fees and expenses; and

f. whether Amazon should be enjoined from such violations of the NYCHRL in the future.

<u>FIRST CAUSE OF ACTION</u>
VIOLATION OF THE PRE-EMPLOYMENT DRUG TESTING POLICY
UNDER NEW YORK CITY HUMAN RIGHTS LAW

66. Named Plaintiffs repeat every allegation of the preceding paragraphs as if fully set forth herein.

67. Named Plaintiffs and the Class Members are "prospective employees" and "persons" within the meaning of the NYCHRL and Amazon is an "employer."

68. The NYCHRL makes it an "unlawful discriminatory practice for an employer…to require a prospective employee to submit to testing for the presence of any

tetrahydrocannabinols or marijuana in such prospective employee's system as a condition of employment." N.Y.C. Admin. Code § 8-107(31).

69. Named Plaintiffs and the Class Members were required to submit to pre-employment drug testing for marijuana as a condition of their employment with Amazon, violating N.Y.C. Admin. Code § 8-107(31).

70. No legitimate, non-discriminatory reasons exist for requiring a pre-employment drug test for marijuana as a condition of employment for Non-Exempt Positions.

71. As a result of Amazon's discriminatory policies, Named Plaintiffs and the Class Members continue to suffer loss of wages.

72. For violating N.Y.C. Admin. Code § 8-107(31), Amazon is liable to Named Plaintiffs and the Class Members for damages, including back pay, punitive damages, interest and attorneys' fees and expenses. N.Y.C. Admin. Code § 8-502.

PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs, on their behalf and on behalf of the Class Members, respectfully request this Court grant the following relief:

    a. Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Named Plaintiffs and their counsel to represent the Class Members;

    b. A declaratory judgment that the practices complained of herein are unlawful under the NYCHRL;

    c. An injunction against Amazon and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as

provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

       d.       An award of back pay and punitive damages under the NYCHRL;

       e.       An award of prejudgment and post-judgment interest;

       f.       An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

       g.       Such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Named Plaintiffs demand a trial by jury on all questions of fact the First Amended Complaint raises.

Dated: New York, New York
April 20, 2021

LIPSKY LOWE LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky
Christopher H. Lowe
Alfons D'Auria
420 Lexington Avenue, Suite 1830
New York, New York 10017-6705
212.392.4772
doug@lipskylowe.com
chris@lipskylowe.com
alfons@lipskylowe.com
*Attorneys for Named Plaintiffs*