May 6, 2021

<u>VIA ECF</u>

The Honorable Brian M. Cogan
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Room 704S
Brooklyn, NY 11201

Re:   <u>Michael Thomas, et al. v. Amazon.com, Inc.,
      No. 1:21-cv-01325-BMC</u>

Dear Judge Cogan:

The parties in the above-captioned case jointly submit this letter in accordance with the Court's March 12, 2021 Scheduling Order (Dkt. 7) and in anticipation of the Initial Status Conference scheduled for May 13, 2021 at 12:00 P.M.

1. **Description of the case**

   a. ***Plaintiffs' Description***

Plaintiffs each applied for employment with Defendant as Sortation Associates in Defendant's Staten Island warehouse, and each Plaintiff was denied employment due to a positive result for marijuana during a pre-employment drug screening, violating N.Y.C. Admin. Code § 8-107(31).

Each Plaintiff's application process, while varying in minor respects, was virtually the same. An online application was submitted, followed by an in-person meeting or interview where documents were collected and the drug test was administered, ultimately concluding in Amazon notifying the Plaintiffs that the company would not be moving forward with their employment. During the hiring process, each Plaintiff received a contingent employment offer that was ultimately rescinded due to a positive result for marijuana from the pre-employment drug screening.

Critically, the job description Plaintiffs viewed prior to their applications did not state that it was a mandatory requirement for the Sortation Associate to operate heavy machinery or heavy equipment. Additionally, no mention was made of any such requirement during the in-person meeting or interview. Finally, Plaintiff Rivera, who worked as a seasonal sortation associate with Defendant prior to his application for full-time employment, never operated any heavy equipment during his employment.

While Plaintiffs recognize that they would be working in the proximity of heavy machinery and equipment, this alone is not enough to trigger the health and safety restriction found in N.Y.C. Admin. Code § 8-107(31)(b). If mere proximity to heavy equipment was enough to trigger the restriction, the statute would be rendered useless as the protections afforded by the statute would

no longer apply to the vast majority of employees in New York City. Such an interpretation, and the resulting chilling effect on the statute, is simply not supported by the legislative intent.

This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(d)(2) and under the Class Action Fairness Act, 28 U.S.C. §§ 1771 *et seq.*, as Amazon's total liability exceeds $5,000,000, exclusive of interests and costs, more than 100 putative class members exist and diversity jurisdiction exists between Named Plaintiffs and Amazon. Furthermore, venue is proper in this District under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this claim occurred in this District

b. *Defendant's Description*

Plaintiffs' claims have no merit.  When New York City enacted last year a restriction on employers' ability to screen job applicants for marijuana usage, it tempered that restriction with exceptions for "any position with the potential to significantly impact the health or safety of employees or members of the public."  N.Y.C. Admin. Code § 8–107(31)(b).  The New York City Commission on Human Rights subsequently established more detailed safety-related exceptions, including for positions that require an employee to regularly operate heavy machinery, to operate a motor vehicle on most work shifts, or where impairment would interfere with the employee's ability to take adequate care in the carrying out of his or her job duties and would pose an immediate risk of death or serious physical harm to the employee or to other people.  Rules of the City of New York, tit. 47, § 2-07.

Plaintiffs in this case applied for "Sortation Associate" positions at Amazon's Staten Island, New York fulfillment center.  In this role, Plaintiffs would have been working on the floor of an active distribution facility—the size of 15 football fields—crisscrossing with other employees, forklifts, conveyor belts, and other moving machinery.  The job description emphasized that Sortation Associates "will work around moving machines," and "will also need to be able to . . . [u]se carts, dollies, hand trucks, forklifts, order pickers, and other gear to move stuff around."

A Sortation Associate cannot safely perform these duties while impaired, and the safety of the Sortation Associate—as well others working on the floor of Amazon's active distribution facility—are dependent upon the ability to attentively and prudently carry out these tasks.  These positions thus qualify for the exemptions under the law.

In addition to these shortcomings, the class Plaintiffs seek to represent is an impermissible fail-safe class.  The class is defined, in part, by whether its members applied for a "Non-Exempt" position with Amazon, meaning a position that does not fall within one of the safety exceptions to the prohibition on pre-employment marijuana testing.  But whether a position is "Non-Exempt" is a key issue on which Amazon's liability turns.  Using it to define the class is improper, and the Court should strike the class definition.  *See Spread Enterprises, Inc. v. First Data Merch. Servs. Corp.*, 298 F.R.D. 54, 69 (E.D.N.Y. 2014).

## 2. Any contemplated motions.

### a. *Plaintiffs' Position*

Plaintiffs intend to move for class certification pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (3). Plaintiffs also intend to oppose any motions to dismiss or motions for summary judgment filed by Defendant in this action.

### b. *Defendant's Position*

Amazon intends to file a motion to dismiss the Amended Complaint on the grounds that Plaintiffs' claims are foreclosed because the positions they applied for are exempt from New York City's prohibition on pre-employment marijuana screening. The work done by an Amazon Sortation Associate—which is the position all three Plaintiffs allegedly applied to fill—involves operating heavy machinery and working in an environment that, if proper care is not taken, can be hazardous to employee safety. The job therefore falls within the safety-related exceptions established by the New York City Commission on Human Rights. Because Plaintiffs have not stated a claim for which relief can be granted, they cannot represent the putative class and the Amended Complaint should be dismissed. Amazon expects to file its pre-motion letter on or before May 20.

Amazon also intends to request a stay of discovery pending a decision on its motion to dismiss. Amazon believes it has, at a minimum, a reasonable likelihood of prevailing on its motion given the clear applicability of New York City's safety-related exceptions to the work of Sortation Associates. Discovery during the pendency of the motion would be burdensome and potentially unnecessary, and should be stayed until the Court determines whether this action can proceed past the pleadings stage.

Should this case survive dismissal, Amazon anticipates filing a motion for summary judgment on Plaintiffs' claims. Amazon also expects to oppose Plaintiffs' motion for class certification. To begin, Plaintiffs' putative class is not appropriate for class treatment because individual questions of law and fact are likely to predominate over any common issues shared by members of the proposed class. In particular, there will be individual issues regarding whether a given person applying for a position with Amazon in New York City was required to submit to a drug test, whether she tested positive for marijuana, whether she was denied employment because of a positive test result, and whether there were other legitimate reasons, such as if the applicant tested positive for other illicit substances, that explain why she was denied employment. Additionally, the named Plaintiffs are not typical of the proposed class in that they applied for jobs as Sortation Associates that clearly fall within New York City's safety-related exemptions to N.Y.C. Admin. Code § 8–107(31) and are potentially subject to other unique defenses. Finally, as noted above, the putative class is an impermissible fail-safe class, which requires the Court to strike the class definition.

\*       \*       \*

Thank you for your consideration.  The parties look forward to meeting with the Court on May 13, 2021.

Respectfully,

> */s/ Douglas Lipsky*
> Douglas Lipsky
> LIPSKY LOWE LLP
> 420 Lexington Avenue, Suite 1830
> New York, NY 10170-1830
> Telephone: 212-444-1024
> doug@lipskylowe.com
>
> *Attorney for Plaintiffs Michael Thomas, Romelo Rivera, and Verniece Carmona*
>
>
> */s/ Gabrielle Levin*
> Gabrielle Levin
> GIBSON, DUNN & CRUTCHER
> 200 Park Avenue
> New York, NY 10166-0193
> Telephone: 212-351-3901
> GLevin@gibsondunn.com
>
> *Attorney for Amazon.com, Inc..*